IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | CRIMINAL ACTION NO. |
| v.    ) | 2:07cr0145-MHT |
| ) | (WO) |
| **MARTEL DEWAN WATSON** ) | |

OPINION AND ORDER

This cause is before the court on defendant Martel Dewan Watson's motion to continue. For the reasons set forth below, the court finds that jury selection and trial, now set for September 17, 2007, should be continued pursuant to 18 U.S.C. § 3161(h)(8).

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(8)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  § 3161(h)(8)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Watson in a speedy trial.

Watson represents that, due to his counsel's medical problems, the current trial date would not provide his counsel with enough time to prepare effectively. Watson's states that, on August 13, 2007, counsel underwent hip replacement surgery. Doctors have advised her that the recovery period will be at least six weeks.

A continuance is therefore warranted to enable the counsel to prepare effectively. See United States v. Apperson, 441 F.3d 1162, 1183-84 (10th Cir. 2006) (a continuance based upon defense attorney's medical problems was acceptable under the Speedy Trial Act); United States v. Jones, No. 2:06cr215, 2007 WL 2231023 (M.D. Ala. Aug. 1, 2007) (Fuller, C.J.) (granting continuance when defendant's counsel was scheduled for hip replacement therapy with a six-week recovery time). This court's decision to grant a continuance is buttressed by the fact that co-defendant William Bolding has also been granted a continuance. Furthermore, the government does not oppose the continuance.

Accordingly, it is ORDERED as follows:

(1) Defendant Martel Dewan Watson's motion for continuance (doc. no. 37) is granted.

(2) The jury selection and trial, now set for September 17, 2007, are reset for December 10, 2007, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 24thd day of August, 2007.

                          /s/ Myron H. Thompson
                        UNITED STATES DISTRICT JUDGE