IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | 2:07cr145-MHT |
| ) | |
| MARTELL DEWAN WATSON, ) | |
| a/k/a MONTEL WATSON ) | |

### NOTICE OF POTENTIAL CONFLICT

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and notifies the Court that defense counsel, Susan James, has a potential conflict. As grounds for such motion, the Government states as follows:

1. Attorney Susan James represented Leon Carmichael in *United States v. Carmichael*, 2:03cr259-MHT. The jury convicted Carmichael of conspiracy to possess with the intent to distribute and distribution of 7000 pounds of marijuana and conspiracy to launder money.

2. During the course of the trial, Patrick Denton testified that he would take the marijuana, break it down, keep some of the marijuana to sell, and give the rest of the marijuana to Carmichael's brother-in-law, Montel (Martell) Watson to sell. *See*, Trial Transcript, Vol. III, p. 222. The government expects several witnesses to testify that Watson was Carmichael's lieutenant in the Carmichael drug trafficking organization.

3. After the sentencing of Carmichael on March 28, 2007, Carmichael, through his attorney, Wesley Pitters, contacted the undersigned and Louis Franklin, criminal chief for the U.S. Attorney's Office, numerous times. According to Mr. Pitters, Carmichael wanted to cooperate against other co-conspirators in his marijuana organization. At that time, the United

States was unwilling to interview Carmichael under any grant of immunity.

4. This indictment against Watson and Bolding may force the government to rethink its position on Carmichael's cooperation. While the undersigned cannot represent to the Court that it presently has plans to interview Carmichael, the undersigned also cannot represent that it will not interview Carmichael in relation to this case. If Carmichael were to cooperate against Watson, Ms. James would have a conflict.

5. Another issue arises if Watson were to cooperate with the government. The government strongly suspects that Carmichael was involved in illegal acts other than drug dealing and money laundering. If Watson were to cooperate with the government, Watson could provide information to the government regarding those other illegal actions. If Watson were to cooperate against Carmichael, Ms. James would have a conflict.

Based on the foregoing, the Government requests a hearing to decide whether Ms. James should remain counsel of record for Martel Watson.

Respectfully submitted this the 29th day of August, 2007.

> LEURA G. CANARY
> UNITED STATES ATTORNEY
>
> /s/ A. Clark Morris
> A. CLARK MORRIS
> Assistant United States Attorney
> 131 Clayton Street
> Montgomery, Alabama 36104
> Telephone: (334) 223-7280
> Fax: (334) 223-7135
> E-mail: clark.morris@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 2:07cr145-MHT |
| ) | |
| MARTELL DEWAN WATSON, ) | |
| a/k/a MONTEL WATSON ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Susan James.

                LEURA G. CANARY
                UNITED STATES ATTORNEY

                /s/ A. Clark Morris
                A. CLARK MORRIS
                Assistant United States Attorney
                131 Clayton Street
                Montgomery, Alabama 36104
                Telephone: (334) 223-7280
                Fax: (334) 223-7135
                E-mail: clark.morris@usdoj.gov