## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * |
| PLAINTIFF, | * |
| | * |
| v. | * CASE NO. 2:07-CR-00145-MHT-WC-2 |
| | * |
| MARTEL WATSON, | * |
| | * |
| DEFENDANT. | * |

### MOTION FOR HEARING ON FEE ISSUE

Comes now Susan G. James, Attorney at Law, recently retained to represent Martel Watson in the above criminal action, and files this motion requesting a hearing on the government's demand for fee information and in support thereof states the following:

1. The undersigned was recently contacted by Martel Watson with regard to representation. Counsel had several discussions with Watson regarding being retained to represent him. Watson apparently had consulted several other lawyers before contacting the undersigned. The undersigned agreed to represent Watson for a specified fee, only a small portion of which has been paid to date.

2. The undersigned received a message that Clark Morris had called her office indicating that the undersigned had a conflict of interest in the representation of Watson. Counsel has not spoken with Leon Carmichael since long before his departure from Montgomery to a federal prison in Florida. The lawyer preparing the appeal is Jim Jenkins, Atlanta, Georgia. Counsel has not been told by the Government that Leon Carmichael is a potential witness against Watson. Further, Watson has indicated to counsel that he has no intention of cooperating against Carmichael and professes his innocence.

3. The undersigned was unclear as to how the Government might perceive a conflict.

4. Recently the undersigned left a message on Clark Morris' voice mail indicating that unless there was something that counsel could not see, she did not see that there was a conflict of interest in her representation of Watson. Counsel has represented co-defendant's tried in separate

cases before, without conflicts.  Certainly the undersigned is mindful of her ethical obligations and would in no way jeopardize Carmichael or Watson's liberty by a divided loyalty.

    5.  After leaving the message on Morris' voice mail, counsel appeared in Court in Calhoun County.  Upon conclusion of that hearing counsel's office notified that Ms. Morris had sent the enclosed letter (Exhibit 1) demanding fee information with regard to payments made to counsel by Watson and the source of any third party money.  Counsel can only assume that the Government is suggesting in some way that Leon Carmichael is paying the bill for Martel Watson.  Counsel's first reaction was total shock.  Counsel has been working as an advocate in the Middle District of Alabama and other districts for over 20 years.  Counsel has never ever compromised her client's interest because of interest and influence from a third party.  Certainly this would not happen in the instant case.

    6.  The small fee that has been paid thus far by Martel Watson has been represented as coming from sources other than Leon Carmichael.  Counsel has no reason whatsoever to believe that Leon Carmichael has paid a dime of the fee or would pay any additional money on the requested fee which was a minimal reduced fee at best.

    7.  The Government's request is not made in good faith as it has nothing to base this on other than speculation that Leon Carmichael would pay the fee.  Speculation certainly should not override privacy interests of the undersigned and the rights of Mr. Watson.

    8.  If required, counsel would be happy to share with the Court, in camera, the fee arrangement that she has with Mr. Watson and the source of the funds.

    9.  The Government's efforts to demand this information and invade the privacy of the undersigned appears to be nothing more than an attempt to ensure that Mr. Watson not be represented by counsel of his choice.  The Government even suggests going as far as a grand jury subpoena to subpoena records regarding this representation when counsel would think that after 20 years of representation of criminal defendants in this and other Courts that the Government would not be satisfied on her representation that the money is not being funded by Leon

Carmichael. This Exhibit 1 was sent without consultation from Ms. Morris and without as much as a simple question as to "whether Leon Carmichael paid the fee."

10. Counsel has enjoyed practicing before the bar of this Court for over 20 years as well as many federal district courts throughout the United States, all the federal appeals courts with the exception of the First Circuit, and the United States Supreme Court. Counsel's integrity has never been questioned in such a fashion nor has a fee arrangements been questioned.

11. Wherefore counsel feels her privacy interests as well as Mr. Watson's Sixth Amendment right to counsel are being infringed upon by a fishing expedition that the Government has not as much made one inquiry of the undersigned counsel as to the source of the information prior to writing the demand letter.

12. Wherefore counsel respectfully asks that a hearing be set. Counsel asks the Court that the hearing be done telephonically as she had hip replacement surgery on August 13, 2007 and has cleared her calendar until October 1, 2007.

Respectfully submitted,

s/Susan G. James
SUSAN G. JAMES
Attorney at Law
600 South McDonough Street
Montgomery, Alabama 36104
Phone: (334) 269-3330
Fax: (334) 834-0353
E-mail: sgjamesandassoc@aol.com
Bar No: ASB7956J64S

**CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2007 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Clark Morris
Assistant United States Attorney
P.O. Box 197
Montgomery, Alabama, 36101

3

Respectfully submitted,

s/Susan G. James
SUSAN G. JAMES
Attorney at Law
600 South McDonough Street
Montgomery, Alabama 36104
Phone: (334) 269-3330
Fax: (334) 834-0353
E-mail: sgjamesandassoc@aol.com
Bar No: ASB-7956-J64S

*United States Attorney*
*Middle District of Alabama*

131 Clayton Street
Post Office Box 197
Montgomery, Alabama 36101-0197

Telephone: 334/223-7280
Fax: 334/223-7560
Ha. Lit Fax: 334/223-7201
Civil Fax: 334/223-7418
Criminal Fax: 334/223-7135

August 9, 2007

**BY FACSIMILE AND U.S. MAIL**

Susan James
Post Office Box 198
Montgomery, Alabama 36101-0198
FAX 334-263-4888

Dear Susan,

Please provide to me, at you earliest convenience, but no later than August 24, 2007, fee information related to your representation of Martel Watson. In particular, the Government is requesting you provide a copy of your fee agreement with Mr. Watson and/or on Mr. Watson's behalf, identifying the date of retention, the amount of the fee, the method of payment, and the name of the third party, if any, who paid the fee or is responsible for payment. In addition, the Government requests that you identify the name of the financial institution and account number into which the fee was deposited. As you are aware, fee information, including the identity of the individual paying the fee, is not subject to any attorney-client privilege. United States v. Frazier, 944 F.2d 820 (11th Cir. 1991); see also, In re January 1976 Grand Jury, 534 F.2d 719 (7th Cir. 1976).

If I have not received this information by August 24, 2007, the Government will proceed by issuing a grand jury subpoena to obtain this information. For your convenience, you may provide this information via facsimile at 334-223-7135.

I appreciate you assistance in this matter. If you have any questions regarding this request please contact me.

FOR THE UNITED STATES ATTORNEY
LEURA G. CANARY

*Clark Morris*

A. Clark Morris
Assistant United States Attorney