IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * |
| PLAINTIFF, | * |
| | * |
| v. | * CASE NO. 2:07-CR-00145-MHT-WC-2 |
| | * |
| MARTEL WATSON, | * |
| | * |
| DEFENDANT. | * |

**MOTION FOR PRESERVATION AND PRODUCTION OF EVIDENCE**

Comes now Martel Watson by and through undersigned counsel and files this motion for preservation and production of evidence and in support thereof states the following:

1. Watson has been charged with a number of criminal violations.

2. As part of an investigation in the Leon Carmichael case post conviction telephone calls were monitored and recorded between Carmichael and others. These were addressed by the Government during Carmichael's sentencing. It is also believed that there exist calls of an exculpatory nature which were monitored and recorded during this time period.

3. It is unclear at present whether the United States Government preserved and will provide these conversations. In the event that it does not counsel is urging this Court to enter an order directing that the United States Government, by and through its agents, to preserve any and all evidence relating to the intercepted telephone calls between Leon Carmichael and others while Carmichael was in U. S. Marshal custody and that the same be produced to counsel for Watson.

4. It has been customary that some Courts enter Orders requiring all government law enforcement officers, agents and all personnel of any federal, state or local agency who investigated the charges in the instant case to retain and preserve all rough notes taken as part of their investigation. The leading case in this area is *United States v. Harrison*, 524 F.2d 421 (D.C. Cir. 1975). In *Harrison*, it was held that handwritten notes taken by F.B.I. agents while interviewing eyewitnesses were potentially discoverable materials, and that such rough notes were required to be preserved.

5. The Court's decision in *Harrison*, was based on that same Circuit's earlier decision in *United States v. Bryant*, 439 F.2d 642 (D.C. Cir. 1971). In *Bryant*, a tape of a phone conversation between the defendant and a narcotics agent was destroyed before trial. The only direct proof of the defendant's involvement in the drug sale charge was the phone conversation. With the tape destroyed, neither the court nor the defense had any idea whether the tape would corroborate or contradict the testimony of the narcotics agent. Recognizing the impossibility of a defense showing that the tape was exculpatory, the Court held that due process rights are contravened where destroyed evidence is shown to be material to the dispositive issue of guilt or innocence

6. The *Harrison* court noting the duties that <u>Bryant</u> imposed upon investigative agencies stated that:

> *Bryant* required that in framing their rules for evidence preservation, investigative agencies must define discoverable evidence very broadly, including any material that 'might' be 'favorable' to the accused.

Respectfully submitted,

s/Susan G. James
SUSAN G. JAMES
Attorney at Law
600 South McDonough Street
Montgomery, Alabama 36104
Phone: (334) 269-3330
Fax: (334) 834-0353
E-mail: sgjamesandassoc@aol.com
Bar No: ASB7956J64S

**CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2007 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Clark Morris
Assistant United States Attorney
P.O. Box 197
Montgomery, Alabama, 36101

Respectfully submitted,

s/Susan G. James
SUSAN G. JAMES
Attorney at Law
600 South McDonough Street
Montgomery, Alabama 36104
Phone: (334) 269-3330
Fax: (334) 834-0353
E-mail: sgjamesandassoc@aol.com
Bar No: ASB-7956-J64S

August 17, 2007

Clark Morris
Assistant United States Attorney
P.O. Box 197
Montgomery, Alabama, 36101

Ref: Martel Watson

Dear Clark:

Please provide me with the telephone call recordings made in the Leon Carmichael case which were addressed by the Government during Carmichael's sentencing. It is believed that there exist calls of an exculpatory nature which were monitored and recorded during this time period. If these are not available, please let me know so that I may file the attached motion for the preservation and production of the same.

Thanking you in advance for your anticipated cooperation. With kindest regards, I remain

                              Truly yours,

                              Susan G. James

c:
Martel Watson