# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * |
| PLAINTIFF, | * |
| | * |
| v. | * CASE NO. 2:07-CR-00145-MHT |
| | * |
| MARTEL WATSON | * |
| | * |
| | * |
| DEFENDANTS. | * |

**MOTION IN LIMINE REGARDING AN ILLEGALLY SEIZED CELLULAR PHONE**

Come now the Martel Watson in the above-styled cause, through undersigned counsel and respectfully requests this Honorable Court to enter an Order *in limine* excluding any and all evidence, testimony, exhibits, questions, references, and arguments in the presence of the jury, whether in voir dire, opening statement, during the presentation of evidence, arguments, questions or closing argument, concerning the cellular phone taken by DEA agents through an illegal search in December, 2003.

## BACKGROUND

In recent trial preparation with defendant Martel Watson, new information arose demanding immediate attention from counsel regarding a confiscated cellular phone. As counsel acknowledges time for motions is expired, the timing in which this information arose necessitates the filing of this motion.

## STATEMENT OF FACTS

In December, 2003, a Montgomery Police Department motorcycle patrol officer pulled over Martel Watson, while he drove a red Pontiac Grand Am. The officer stated as grounds for the stop "not wearing a seat belt." Instead of giving a traffic citation, the officer made Mr. Watson get out of the vehicle and stand at the trunk of the automobile. As Mr. Watson stood there, two DEA agents, Whittles and DeJohn, arrived on the scene.

Upon exiting their automobile, the agents began questioning Mr. Watson about Leon Carmichael. While Whittles questioned, DeJohn conducted a search of Mr. Watson's vehicle and found a cellular phone. DeJohn took possession of the phone and began to search its electronic

databases. Mr. Watson contested the search and asked if he was under arrest. Upon the MPD officer acknowledging no warrants, the DEA officers confiscated the automobile driven by Mr. Watson along with the cellular phone taken from the automobile. No one on the scene attempted to arrest Mr. Watson. He never even received a traffic citation.

## ARGUMENT

Any information taken from the cellular phone in question is fruit of the poisonous tree and should be excluded from this trial. Due to the recent acknowledgment of this issue, a motion to suppress is not necessary to preclude the introduction of constitutional violations, and an order in limine is proper.

### 1. No Probable Cause Existed to Search the red Pontiac Grand Am

Mr. Watson argues that the police had no probable cause to search his vehicle and acted on a hunch and mere suspicion. The search of the vehicle in December of 2003 and any evidence found in the vehicle was illegally seized and should be suppressed.

The Fourth and Fourteenth Amendments are implicated in this case because stopping an automobile and detaining its occupants constitute a seizure within the meaning of those amendments. *Delaware v. Prouse*, 440 U.S. 648 (1979).

Law enforcement officers may briefly detain a person for investigatory purposes if they have a reasonable, articulable suspicion based on objective facts that the person has engaged in or is about to engage in criminal activity. The unreasonable suspicion must be more than mere 'inchoate and unparticularized suspicion or hunch.' *United States v. Powell*, 222 F.3d 913, 917 (11th Cir. 2000) (*citing Terry v. Ohio*, 392 U.S. 1 (1968)).

Reasonable suspicion is determined from the totality of the circumstances and collective knowledge of the officers. *United States v. Acosta*, 363 F.3d 1141, 1145 (11th Cir. 2004). [T]he question...is not whether a specific arresting officer...actualy and subjectively had the pertinent reasonable suspicion, but whether, given the circumstances, reasonable suspicion objectively existed to justify a search. *Hicks v. Moore*, 422 F.3d 1272, 1280 n.9 (11th Cir. 2005) (en banc)).

Mr. Watson had no warrants outstanding. No exigent circumstance existed to justify a warrantless search on his automobile. Mr. Watson did not consent to any search and therefore the fruits of the illegal search, the cellular phone, should be suppressed from this trial.

## 2. A Motion in Limine is a Proper Tool for Suppression

Motions in limine resemble motions to suppress and are used similarly to prevent injustice and unfair prejudice into trial. 75 *Am.Jur.*2d. Trial § 40. There is authority that a motion in limine can seek to suppress evidence illegally obtained under the Fourth Amendment or under any other provision of law. *Id.*at FN 4. Due to the nature of the recently discovered evidence in this matter, this motion to exclude the cellular phone or the fruits discovered from it should be heard and considered. The manner in which the evidence in question was illegally taken requires that it be suppressed, no matter what form encompasses its presentation to this Honorable Court.

WHEREFORE, PREMISES CONSIDERED, the Defendant prays that this Court enter an Order *in limine* directing the government and all witnesses called by counsel not to mention or refer, either directly or indirectly, to any of the foregoing matters in the presence of the jury. The Defendant prays that the Court will instruct and direct the parties and their counsel as follows:

During the course of the trial, before any counsel may mention or refer to any of the matters set forth above for any purpose whatsoever, trial counsel must first make an offer of proof to the Court out of the presence of the jury, prior to attempting to elicit any evidence relating in any way to the foregoing.

Respectfully submitted,

s/Susan G. James
SUSAN G. JAMES
Attorney at Law
600 South McDonough Street
Montgomery, Alabama 36104
Phone: (334) 269-3330
Fax: (334) 834-0353
E-mail: sgjamesandassoc@aol.com
Bar No: ASB7956J64S

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 5, 2007 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

A. Clark Morris
Assistant United States Attorney
P.O. Box 197
Montgomery, AL 36101

Respectfully submitted,

      s/Susan G. James
SUSAN G. JAMES
Attorney at Law
600 South McDonough Street
Montgomery, Alabama 36104
Phone: (334) 269-3330
Fax: (334) 834-0353
E-mail: sgjamesandassoc@aol.com
Bar No: ASB-7956-J64S