IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

UNITED STATES OF AMERICA       )
                               )   CRIMINAL ACTION NO.
     v.                        )    2:07cr145-MHT
                               )
MARTEL DEWAN WATSON            )

ORDER

This cause is before the court on defendant Martel
Dewan Watson's oral motion to continue.  For the reasons
set forth below, the court finds that jury selection and
trial, now set for December 10, 2007, should be continued
pursuant.

While the granting of a continuance is left to the
sound discretion of the trial judge, United States v.
Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court
is limited by the requirements of the Speedy Trial Act,
18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not
> guilty is entered, the trial of a
> defendant charged in an information or
> indictment with the commission of an
> offense shall commence within seventy

days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted," § 3161(h)(7), as well as any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(8)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(8)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Watson in a speedy trial. Watson's codefendant, William Bolding, was granted a continuance due to severe problems with Bolding's physical health.  See United States v. Darby, 744 F.2d 1508, 1517 (11th Cir. 1984) ("the rule in this Circuit is that the delay caused by one defendant is excludable as to his codefendants") (quoting United States v. Stafford, 697 F.2d 1368, 1372 (11th Cir. 1983)).  Moreover, Watson represents that his counsel learned information this week supporting his motion in limine (which is essentially a motion to suppress), and his attorneys need more time to investigate the basis for this motion.  A continuance is therefore warranted to enable Watson's counsel to prepare effectively for trial.  This court's decision is buttressed by the fact that the government does not oppose the continuance.

Accordingly, it is ORDERED as follows:

3

(1) Defendant Martel Dewan Watson's oral motion for a continuance, made on the record on December 7, 2007, is granted.

(2) Defendant Watson's jury selection and trial, now set for December 10, 2007, are reset for March 17 2008, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 10th day of December, 2007.

　　　　　　　　　　　　　　/s/ Myron H. Thompson
　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE