IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * |
|     PLAINTIFF, | * |
| | * |
| v. | * CASE NO. 2:07-CR-00145-MHT-WC-2 |
| | * |
| MARTEL WATSON, | * |
| | * |
|     DEFENDANT. | * |

### OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION

    Comes now Martel Watson by and files these his formal objections to the Magistrate's Report and Recommendation of February 8, 2008 regarding his suppression motion and in support thereof states the following:

    Watson considers his motion and supporting law in conjunction with the facts to be dispositive, and adopts the same by reference as if fully set forth herein. Watson contends the Magistrate's Report and Recommendation reached the wrong conclusion from the disputed facts. Watson urges this Court to reweigh the arguments, citations to authority, and the evidence at the suppression hearing, and requests the relief sought therein. Watson disagrees with the findings of the Magistrate Judge both factually and legally. Watson specifically objects to the Magistrate Judge's findings and recommendations as follows:

    **Magistrate Report and Recommendation, P. 15**

    Watson objects to the Magistrate Judge's conclusion that Watson did not have standing to contest the seizure of the cellular telephone seized from him on December 23, 2003.

    **Magistrate Report and Recommendation, Pgs. 14, 15**

    The Magistrate Court, as a basis for its findings noted in footnote 16;

    "As Watson has only alleged the cellular phone was on his person, under his control, and used by him on December 23 2003, albeit inconsistently, he has only shown physical possession or mere control, as opposed to the requisite possessory interest."

**Magistrate Report and Recommendation, Footnote 16, page 14**

The Magistrate Judge, footnote 16, page 14 stated "While Watson had the cellular phone on his person when stopped on December 23, 2003, Watson has not demonstrated a property or possessory interest in the cellular phone.  Although the Eleventh Circuit has not directly spoken to this issue; the Tenth Circuit has concluded that "[mere physical possession or control is not sufficient to establish standing to object to a search of that property. *United States v. Arango*, 912 F.2d 441, 444-46 (10th Cir. 1990), citing *United States v. Conway*, 73 F.3d 975, 979 (10th Cir. 1995).  The undersigned reads the Tenth Circuit's conclusion as another way of stating the Eleventh Circuit's mandate that a possessory interest must be shown to establish standing to challenge a seizure of an item."

Watson argues that the Magistrate has actually speculated that the Eleventh Circuit will rule as has the Tenth Circuit.  Further, Watson established that he had a possessory interest in the telephone on the day it was seized.  The Government has not argued, nor could it, that there exists a time limitation on possessory interests.  If Watson obtained the phone sporadically for work purposes, there is no reason to believe he did not have a possessory interest.  The Government put forth evidence that Watson, when taken into custody, in response to whether he had personal effects in the vehicle he stated: "he had a phone in the vehicle"  Magistrate Report and Recommendation, P. 6.  On the same page the Magistrate noted when Watson was asked for the phone number he responded 334-221-8898.

## CONCLUSION

Wherefore based on the above, Watson requests that the Magistrate's Report and Recommendation be overruled and the evidence of the search be suppressed.

Respectfully submitted,

    s/Susan G. James
    SUSAN G. JAMES
    Attorney at Law
    600 South McDonough Street
    Montgomery, Alabama 36104
    Phone: (334) 269-3330
    Fax: (334) 834-0353
    E-mail: sgjamesandassoc@aol.com
    Bar No: ASB7956J64S

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Clark Morris
Assistant United States Attorney
P.O. Box 197
Montgomery, Alabama, 36101

Respectfully submitted,

    s/Susan G. James
    SUSAN G. JAMES
    Attorney at Law
    600 South McDonough Street
    Montgomery, Alabama 36104
    Phone: (334) 269-3330
    Fax: (334) 834-0353
    E-mail: sgjamesandassoc@aol.com
    Bar No: ASB7956J64S