IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA,    )
                             )    CRIMINAL ACTION NO.
     v.                      )       2:07cr145-MHT
                             )            (WO)
MARTELL DEWAN WATSON,        )
                             )
```

OPINION AND ORDER

Martell Dewan Watson filed a motion asking the court to grant a weekend furlough from his incarceration at the Federal Correctional Institution in Yazoo City, a low-security facility in the Bureau of Prisons, to allow him attend the funeral of his stepson.  For the reasons below, Watson's request will be denied, albeit without prejudice.

Although Watson does not cite any authority or other basis on which the court may grant his requested furlough, the court assumes, as do probation and the government in their responses to Watson's request, that Watson relies on 18 U.S.C. § 3622.  That statute

provides for the temporary release of prisoners in the custody of the Bureau of Prisons:

> "The Bureau of Prisons may release a prisoner from the place of his imprisonment for a limited period if such release appears to be consistent with the purpose for which the sentence was imposed and any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2), if such release otherwise appears to be consistent with the public interest and if there is reasonable cause to believe that a prisoner will honor the trust to be imposed in him, by authorizing him, under prescribed conditions, to ... visit a designated place for a period not to exceed thirty days, and then return to the same or another facility, for the purpose of ... attending a funeral of a relative."

18 U.S.C. § 3622(a)(2). No language in the statute grants district courts the authority to order or approve a furlough request. See, e.g., U.S. v. Premachandra, 1996 WL 102567, 1 (8th Cir. 1996) ("18 U.S.C. § 3622 vests authority to grant medical furloughs with the Bureau of Prisons (BOP), not the federal courts."). In addition, the federal regulations implementing the

2

statute clearly contemplate that the decision-maker will be a Bureau of Prisons warden or acting warden. <u>See, e.g.</u>, 28 C.F.R. § 570.32(a) ("The authority to approve furloughs in Bureau of Prisons institutions is delegated to the Warden or Acting Warden. This authority may not be further delegated.").

Although the court is sympathetic to Watson's request, it is without the authority to grant the request. It appears that Watson's request must be directed to the staff at the facility where he is presently housed. <u>See</u> 28 C.F.R. § 570.36(a).

Accordingly, it is ORDERED that defendant Martell Dewan Watson's motion for a furlough (doc. no. 163) is denied without prejudice.

DONE, this the 14th day of May, 2009.

                                  <u>  /s/ Myron H. Thompson  </u>
                                  UNITED STATES DISTRICT JUDGE